UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
**(Camden Vicinage)**

| | | |
|---|---|---|
| INTEGR8 FUELS PTE LTD, | * | Civil Action No. 24-00877 |
| | * | |
| *Plaintiff,* | * | Admiralty (FRCP 9(h)) |
| | * | |
| v. | * | |
| | * | |
| M/V BRITAIN BAY (IMO No. 9615729), *in rem*, | * | |
| | * | |
| | * | |
| *Defendant.* | * | |

**<u>VERIFIED COMPLAINT</u>**

Plaintiff, INTEGR8 FUELS PTE LTD ("Integr8" or "Plaintiff") by and through its undersigned counsel, GELLERT SCALI BUSENKELL & BROWN, LLC and LENNON, MURPHY & PHILLIPS, LLC, as and for its Verified Complaint against Defendant, M/V BRITAIN BAY (IMO No. 9615729), *in rem* ("Defendant" or "Vessel"), alleges the following upon information and belief:

**<u>JURISDICTION AND VENUE</u>**

1.  This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court all within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure involving a claim for enforcement of a maritime lien. This action also falls within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 31342, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule[s]") for arrest of the Vessel.

2.  Jurisdiction is proper pursuant to 28 U.S.C. § 1333, 9 U.S.C. § 201 *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

3. Plaintiff's claims against M/V BRITAIN BAY (IMO No. 9615729), *in rem*, ("Vessel"), arise from the provision of necessaries, services and goods, namely, marine fuel, which Plaintiff supplied to the Vessel pursuant to an order from the charterer and/or owner of the Vessel.

4. On information and belief, the Vessel is or soon will be present in navigable waters within the jurisdiction of this Court and therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. At all relevant times, Plaintiff, was, and still is, a foreign company duly organized and operating under Singapore law with a place of business at 5 Shenton Way # 20-04 UIC Building, Singapore 068808, engaged in international commerce including the sale, trade and supply of marine fuels.

6. At all relevant times, Defendant M/V BRITAIN BAY (IMO No. 9615729), *in rem,* was, and/or still is, a Singaporean flagged bulk carrier.

## FACTS

7. Upon information and belief, at all relevant times, non-party K Line Pte Ltd was the registered owner of the Vessel ("Owner") and non-party BSA Transportation was the commercial manager of the Vessel ("Manager").

8. Upon information and belief, at all relevant times, the Vessel was chartered to non-party Synabulk Ltd ("Charterer").

9. Pursuant to a bunker supply contract dated September 28, 2023 (the "Contract"), Plaintiff, as seller, agreed to supply 250 to 300 metric tons of very low sulfur fuel oil ("Bunkers") to the Vessel at the port of Trincomalee, Sri Lanka. *See a true and correct copy of the Sale Confirmation attached hereto as Exhibit 1.*

10. The Sale Confirmation incorporated the Integr8 "General Terms and Conditions" ("GTCs"). *See a true and correct copy of Integr8 General Terms and Conditions attached hereto as Exhibit 2.*

11. The Sale Confirmation for supply of the Bunkers was addressed jointly and severally to the Vessels' "OWNERS/MANAGING OWNERS / OPERATORS/ MANAGERS / DISPONENT OWNERS / CHARTERERS." *Exhibit 1.*

12. The Sale Confirmation required payment to be made in full within 30 days from the date of delivery of the Bunkers. *Id.*

13. The GTCs define the "Buyer" of the Bunkers to include not only the company(ies) identified in the Sale Confirmation, but also their servants, agents and designated representatives, as well as the registered owner of the Vessel, its charterers and/or managers and/or operators. *See Exhibit 2.*

14. The GTCs further provide:

    a. That the Contract shall be deemed to have been executed and fully performed in the State of New York, and shall be interpreted and construed in accordance with and subject to the federal maritime law of the United States or, should no such law exist on any particular issue, the laws of the State of New York (excluding otherwise applicable statutory limitation periods and conflict of laws principles), to the exclusion of the laws of any other state or country. *See Exhibit 2, Clause 14.1.*

    b. That deliveries of products are made not only on the credit of the Buyer, but also on the faith and credit of the Vessel which uses the Products and Integr8 has and may assert a lien against the Vessel corresponding to the value of the

3

     supplied products and all amounts outstanding under the Contract, subject to the laws applicable at the place of delivery of the products and/or the place of seizure or arrest of the Vessel. *Id., Clause 7.1.*

  c. That disputes arising under the Contract shall be determined by arbitration in New York. *Id. Clause 14.1.*

*See, Exhibit 2.*

15. On October 16, 2023 the Bunkers[1] were supplied to the Vessel at the port of Trincomalee, Sri Lanka as set forth in a Bunker Delivery Note. *See a true and correct copy of the Bunker Delivery Note attached hereto as Exhibit 3.*

16. On October 20, 2023, Plaintiff issued an invoice for USD $212,648.95 to the Vessel's Charterer, Synabulk Ltd. The due date for payment of the invoice was November 14 2023. *See a true and correct copy of the Plaintiff's Invoice attached hereto as Exhibit 4.*

17. Despite Charterer's promise to make payment on November 14, 2023, the invoice due date passed without payment being made to Plaintiff.

17. Despite subsequent repeated and due demands, Charterer has failed and refused to make payment.

18. Pursuant to an order of the Vessel's charterer, acting with presumed authority[2] to bind the Defendant Vessel, Plaintiff provided maritime necessaries in the form of marine fuel to the Vessel and by operation of law and pursuant to the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C.S. § 31342(a), Plaintiff holds a maritime lien *in rem* against the Defendant Vessel up to the value of the marine fuel supplied to the Vessel, *i.e.,* $212,648.95.

---

[1] A total of 299.928 metric tons of very low sulfur fuel oil was furnished to the Vessel.
[2] 46 U.S.C.S. § 31342(a); *Glander Int'l Bunkering Inc. v. M/V Dvina Gulf*, 2022 U.S. Dist. LEXIS 58159 (D.N.J. Mar. 29, 2022); *Atlantic Power & Elec. Co. v. Big Jake*, 583 F.Supp. 3d 631, 641 (D.N.J. 2022).

19. Plaintiff has not been paid for the maritime necessaries provided to the Vessel and therefore proceeds to arrest the Vessel to execute on its maritime lien *in rem*, for sale of the Vessel and satisfaction of its maritime lien *in rem* as demanded below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief and/or judgment as follows:

A. That the Clerk of this Court issue a warrant *in rem* for arrest of the Vessel, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Vessel and detain the same in the custody of the substitute custodian until further order of this Court;

B. That the Court find that Plaintiff holds a valid maritime lien against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment as provided by 46 U.S.C. § 31342(a), and by federal law construing the aforesaid statute;

C. That the Court grant judgment *in rem* against the Vessel, including without limitation all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that Plaintiff's claim of at least $212,648.95 as detailed hereinabove, be asserted and executed against the Vessel for Plaintiff's maritime lien, *in rem*, and that the Vessel be sold to satisfy Plaintiff's maritime lien *in rem*;

D. That the Court award Plaintiff its costs and other expenses incurred in connection with this proceeding, including without limitation, all costs incurred in *custodia legis*;

E. That Plaintiff be awarded pre-judgment interest, its attorney's fees and costs of this action; and

F. That Plaintiff be granted all such other and further relief as equity, justice and the nature of this case will allow.

Dated: February 15, 2024      Respectfully submitted,

             The Plaintiff,
             **INTERG8 FUELS PTE LTD**

By: */s/ Gary F. Seitz*
   Gary F. Seitz, Esq.
   GELLERT SCALI BUSENKELL
    & BROWN, LLC
   901 Market Street, Suite 3020, 3rd Floor
   Philadelphia, PA 19107
   Telephone: (215) 238-0011
   Facsimile: (215) 238-0016
   Email: gseitz@gsbblaw.com

and proposed counsel *pro hac vice:*

Patrick F. Lennon, Esq.
Kevin J. Lennon, Esq.
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 490-6050
Facsimile: (212) 490-6070
Email: pfl@lmplaw.net
Email: kjl@lmplaw.net

## UNSWORN DECLARATION

I, Patrick F. Lennon, declare, depose and say:

1. I am over 18 years of age, of sound mind, capable of making this Unsworn Declaration, and fully competent to testify to all matters stated herein.

2. I am a duly authorized representative of the Plaintiff, Integr8 Fuels Pte Ltd, and have been duly authorized to verify this Complaint on its behalf.

3. I have knowledge of the facts as alleged in the forgoing Verified Complaint.

4. I have read the foregoing Verified Complaint and believe the factual allegations to be true and correct to the best of my knowledge and information.

Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 15, 2024.

_____
Patrick F. Lennon